ORIGINAL

# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 03-1931V
Filed: March 28, 2014
Not to be Published

FILED
MAR 28 2014
U.S. COURT OF
FEDERAL CLAIMS

* * * * * * * * * * * * * * * * * * * * * * * *

JUDY O'CONNOR,
parent of JR, a minor,

        Petitioner,

v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,

        Respondent.

* * * * * * * * * * * * * * * * * * * * * * * *

Autism; Failure to Prosecute;
Failure to Follow Court
Orders; Dismissal

## DECISION[1]

Petitioner filed a Petition for Vaccine Compensation in the National Vaccine Injury Compensation Program ("the Program"),[2] on August 18, 2003, alleging that her child, JR, was injured by a vaccine or vaccines listed on the Vaccine Injury Table. *See* § 14. I hereby dismiss this petition because Petitioner has failed to prosecute or prove this case.

### I

### PROCEDURAL BACKGROUND

On November 17, 2003, Respondent filed Respondent's Report, which asserted that the petition in this case failed to state with particularity the circumstances surrounding the claim and was not accompanied by materials required to be filed with a petition (*i.e.* - contemporaneous

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to delete medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will delete such material from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 *et seq.* (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

medical records). Respondent contended that such materials were needed to assess the medical and legal merits of Petitioner's claim. (*Id.*) Thereafter, several years passed during which there were no proceedings in this case, while deliberations proceeded within the Omnibus Autism Proceeding. (*See* Section II.)

On August 25, 2011, Petitioner was ordered to file an amended petition that was fully compliant with the requirements of §300aa-11(c), and which clearly explained the theory of vaccine causation in this case. Petitioner did not respond to that Order. On October 21, 2011, I issued an Order to Show Cause, within thirty days, why this case should not be dismissed for failure to prosecute. Further, that Order instructed Petitioner to demonstrate her intent to proceed with her case by filing an amended petition that was fully compliant with §300aa-11(c) and which clearly explained the theory of vaccine causation in this case.

Again, Petitioner failed to comply. Instead, Petitioner's counsel filed a Motion to withdraw as counsel, on December 9, 2011. That Motion indicated Petitioner's intent to proceed with her case, but it did not include any of the materials required by §300aa-11(c). On February 8, 2012, I granted petitioner's counsel's Motion to withdraw, and acknowledged Petitioner's status as a *pro se* litigant.

On February 21, 2012, I ordered Petitioner to file an expert report from a medical doctor to support her theory of causation in this case. Petitioner filed a response on May 7, 2012, which did not include an expert report. On July 19, 2012, I issued another Order requiring Petitioner to file the report of a reliable medical expert.

Petitioner attempted to comply with that Order by attaching two documents to her response on September 28, 2012. However, the attached documents, authored by Gwen M. Anderson and Dr. Scott S. Russell, were not sufficient to satisfy her burden to prove that JR's vaccinations caused his autism. Specifically, the copy of an e-mail from Gwen M. Anderson, who is identified as a retired behavioral specialist, asserted only that when JR "started the hep immunizations, his development started to change… [and] after each vaccination [JR's] symptoms would increase." (Petitioner's Response, filed Sept. 28, 2012, pp. 4-5.) The letter of Dr. Scott D. Russell, dated September 24, 2012, and addressed "To Whom It May Concern," stated only that "[JR] has a history of cerebral palsy and autism. Patient and family decline vaccinations because of this medical history. There has been a history of medical side effects of vaccination in the past." (*Id.*, p. 6.) Dr. Russell's letter did *not* indicate the physician's view that a vaccine or vaccines *caused* JR's conditions.[3]

On January 30, 2013, I issued an Order instructing Petitioner to file the expert report of a qualified medical doctor, which specifically stated: 1) which vaccination(s) were the cause of JR's injury; 2) what were the first symptoms of JR's injury; 3) when the first symptoms appeared; and, 4) exactly how the vaccines caused or contributed to JR's injury. Further, I

---

[3] It has come to my attention that in my Orders dated January 30, 2013, October 7, 2013, and February 19, 2014, Dr. Scott S. Russell was misidentified as "Dr. Scott S. Rohrer." This was a clerical error that has no impact on the content of Dr. Russell's letter.

2

ordered Petitioner to file all of the relevant medical records. Petitioner's failure to comply resulted in the issuance of similar orders on July 10, 2013, and October 7, 2013.

On January 6, 2014, I issued another Order to Show Cause why this case should not be dismissed for failure to prosecute. In response, Petitioner filed certain medical records and documents on February 5, 2014. (*See* Petitioner's Exhibits 1-12.) However, these exhibits do *not* include the report of a medical doctor indicating the view that JR has a vaccine-caused injury. Further, there remained a gap of more than ten years in the medical records, making it impossible to analyze the merits of this claim. On February 19, 2014, I issued an Order requiring Petitioner to file the relevant medical records and an adequate expert report within thirty days. Petitioner's response, on March 20, 2014, did *not* include the relevant medical records or an expert report.[4]

## II

## THE OMNIBUS AUTISM PROCEEDING ("OAP")

This case is one of more than 5,400 cases filed under the Program in which petitioners alleged that conditions known as "autism" or "autism spectrum disorders" ["ASD"] were caused by one or more vaccinations. A detailed history of the controversy regarding vaccines and autism, along with a history of the development of the OAP, was set forth in the six entitlement decisions issued by three special masters as "test cases" for two theories of causation litigated in the OAP, and will not be repeated here.

Ultimately, the Petitioners' Steering Committee ["PSC"], an organization formed by attorneys representing petitioners in the OAP, litigated six test cases presenting two different theories on the causation of ASDs. The first theory alleged that the measles portion of the measles, mumps, rubella vaccine could cause ASDs. That theory was presented in three separate Program test cases during several weeks of trial in 2007. The second theory alleged that the mercury contained in thimerosal-containing vaccines could directly affect an infant's brain, thereby substantially contributing to the causation of ASD. That theory was presented in three additional test cases during several weeks of trial in 2008.

Decisions in each of the three test cases pertaining to the PSC's *first* theory rejected the petitioners' causation theories. *Cedillo v. HHS*, No. 98-916V, 2009 WL 331968 (Fed. Cl. Spec. Mstr. Feb. 12, 2009), *aff'd*, 89 Fed. Cl. 158 (2009), *aff'd*, 617 F.3d 1328 (Fed. Cir. 2010); *Hazlehurst v. HHS*, No. 03-654V, 2009 WL 332306 (Fed. Cl. Spec. Mstr. Feb. 12, 2009), *aff'd*, 88 Fed. Cl. 473 (2009), *aff'd*, 604 F.3d 1343 (Fed. Cir. 2010); *Snyder v. HHS*, No. 01-162V,

---

[4] Petitioner's Response, filed on March 20, 2014, included Petitioner's request for "another judge to look at the evidence... [a] judge not in the Omnibus Autism Proceeding." I decline to transfer this case to a different special master because, clearly, no special master can afford Petitioner the requested relief, unless Petitioner files a report from a medical expert and the materials required pursuant to §300aa-11(c).

2009 WL 332044 (Fed. Cl. Spec. Mstr. Feb. 12, 2009), *aff'd*, 88 Fed. Cl. 706 (2009).[5] Decisions in each of the three "test cases" pertaining to the PSC's *second* theory also rejected the petitioners' causation theories, and the petitioners in each of those three cases chose not to appeal. *Dwyer v. HHS*, No. 03-1202V, 2010 WL 892250 (Fed. Cl. Spec. Mstr. Mar. 12, 2010); *King v. HHS*, No. 03-584V, 2010 WL 892296 (Fed. Cl. Spec. Mstr. Mar 12, 2010); *Mead v. HHS*, No. 03-215V, 2010 WL 892248 (Fed. Cl. Spec. Mstr. Mar. 12, 2010). Thus, the proceedings in these six test cases concluded in 2010. Thereafter, the Petitioner in this case, and the petitioners in other cases within the OAP, were given instructions concerning how to proceed, if they chose to do so. (*See* the Order filed in this case on Aug. 25, 2011.)

## III

## FAILURE TO PROSECUTE

Although I am deeply sympathetic regarding JR's disorder, it is still Petitioner's duty to respond to court orders, and to prove her case. I note that Petitioner has been under order to file complete medical records and an expert report in this case for more than two years, but has yet to file a sufficient expert report or even all of the required medical records. (*See* my Orders filed August 25, 2011, February 21, 2012, July 19, 2012, January 30, 2013, July 10, 2013, October 7, 2013, and January 6, 2014.) As I reminded Petitioner in my Order of January 6, 2014, failure to follow court orders, as well as failure to file medical records or an expert medical opinion, must result in dismissal of Petitioner's claim. *Tsekouras v. Sec'y, HHS*, 26 Cl. Ct. 439 (1992), *aff'd per curiam*, 991 F.2d 810 (Fed. Cir. 1993); *Sapharas v. Sec'y, HHS*, 35 Fed. Cl. 503 (1996); Vaccine Rule 21(b).

## IV

## CAUSATION IN FACT

To receive compensation under the Program, Petitioners must prove either 1) that JR suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of JR's vaccinations, or 2) that JR suffered an injury that was actually caused by a vaccine. *See* §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1). Under the Vaccine Act, a special master cannot find that Petitioner has proven her case by a preponderance of the evidence, based upon "the claims of a Petitioner alone, unsubstantiated by medical records or by medical opinion." §300aa-13(a) (2006). Petitioner has failed to file sufficient evidence in this case. An examination of the filed medical records did not uncover any evidence that JR suffered a "Table Injury," or a vaccine-caused injury. Further, the letter of Dr. Scott S. Russell did *not* state the opinion that JR's autism spectrum disorder was vaccine-caused.

---

[5] The petitioners in *Snyder* did not appeal the decision of the U.S. Court of Federal Claims.

Accordingly, it is clear from the record in this case that Petitioner has failed to demonstrate either that JR suffered a "Table Injury" or that JR's injuries were "actually caused" by a vaccination. Further, Petitioner has been repeatedly ordered since mid-2011 to file complete medical records and an expert report opining that JR has a vaccine-caused injury, but she has failed to do so, nor does it appear that there is any serious prospect that she will do so. Therefore, despite my sympathy for Petitioner and for JR, **this case is dismissed for insufficient proof and for failure to prosecute. The clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

_____
George L. Hastings, Jr.
Special Master